UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-CV-11246-RWZ

ART OF THE EVENT

v.

UNITED STATES OF AMERICA

MEMORANDUM & ORDER

July 1, 2020

ZOBEL, S.D.J.

Plaintiff, Art of the Event, sues the United States Probation and Pre-Trial Services Office ("USPO") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. The defendant moves to dismiss for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and failure to state a claim, Fed. R. Civ. P. 12(b)(6).

I. Background

a. Facts

Art of the Event is an event design and planning business. In 2013, it hired Michelle Higson as a bookkeeper. According to the company, Ms. Higson embezzled $471,925.82 from the company by forging 133 checks over the course of her five-year employment.[1] During that period, Ms. Higson pled guilty in this court to one count of

---

[1] The damages ultimately at issue in this case, however, will be less than $471,925.82. Although plaintiff alleges Ms. Higson began stealing from them in or around 2015, defendant's duty to plaintiff, as discussed below, arose, at the earliest, in September 2017 when her period of supervised release commenced. The return of the indictment did not generate any duty by defendant to plaintiff. Accordingly, any damages are likely limited to the period from September 2017 until the termination of her employment.

bank fraud and two counts of uttering forged securities committed against a prior employer. She was sentenced to three months imprisonment followed by three years of supervised release. Judgment at 2–3, United States v. Higson, No. 16-CR-10290-DJC-1 (D. Mass Sept. 08 2017). The court prohibited her "from engaging in an occupation, business, or profession that would require or enable [her] to access or manage financial records and payment systems" during supervised release. Id. at 5. The government's sentencing memorandum noted that Ms. Higson had been caught stealing from six of her last eight employers. Her memorandum falsely stated that her job with the plaintiff did not involve any contact with money, as she had represented to her attorney. The USPO never contacted Art of the Event, which was thus unaware of these crimes or the conditions of supervised release. Plaintiff sues under the FTCA alleging the USPO negligently failed to confirm or review Ms. Higson's employment status and to supervise her.

### b. Standards of Review

Rule 12(b)(1) motions challenge the court's subject matter jurisdiction over plaintiff's complaint. Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362 (1st Cir. 2001). In its evaluation, the court must credit plaintiff's well-pled factual allegations and draw all reasonable inferences in its favor. Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010). If needed, the court may review materials extrinsic to the complaint. Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 37 (1st Cir. 2000).

Dismissal under Rule 12(b)(6) is appropriate if the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v.

Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988)).  A complaint must merely "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, (2007)).  The complaint is construed in the light most favorable to the plaintiff; all allegations are taken as true; and all reasonable inferences are drawn in plaintiff's favor.  Ruivo v. Wells Fargo Bank, 766 F.3d 87, 90 (1st Cir. 2014).

## II.   Discussion

### a. Jurisdiction

Absent a waiver of sovereign immunity, the district court lacks subject matter jurisdiction over claims against the United States.  FDIC v. Meyer, 510 U.S. 471, 475 (1994).  The FTCA waives that immunity for certain torts including "injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable . . . ."  28 U.S.C. §§1346(b)(1).  The discretionary function exception, however, removes that waiver—i.e., the government "gets its immunity back," Mahon v. United States, 742 F.3d 11, 12 (1st Cir. 2014)—when the tortfeasor's conduct was "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or employee . . . ." 28 U.S.C. § 2680(a).

In this case, the court ordered Ms. Higson to abstain from work involving financial records or payment systems.  Regarding cases where an order restricting employment is in place, the USPO's policy document exhorts, "probation officers should periodically

conduct a comparative assessment of the financial documents obtained to review their consistency; identify any unusual deposits, withdrawals, or purchases; and determine spending patterns." <u>Overview of Prob. and Supervised Release Conditions</u> 57, ECF No. 20-3.

The probation officer should have been on heightened alert given the government's contention that Ms. Higson repeatedly defrauded her employers. Further, s/he did not have to balance enforcement of the order against the risk of jeopardizing Ms. Higson's job and rehabilitation. Several methods were available to verify compliance with the court's order, such as reviewing her job description, resume, pay stubs, bank records, etc. None of these requests would have jeopardized Ms. Higson's rehabilitation in any way, and thus no discretion was involved in the USPO's omissions. The court, therefore, has subject matter jurisdiction of this case.

### b. Failure to State a Claim

To prove a negligence claim in Massachusetts, whose law applies in this case under the FTCA, 28 U.S.C. § 1346(b)(1), the plaintiff must show duty, breach, causation, and damages. <u>Geshke v. Crocs, Inc.</u>, 740 F.3d 74, 77 (1st Cir. 2014). For purposes of this motion, duty is the only element that merits discussion.

Paradoxically, this case requires the court to define a federal probation officer's duty using state law tort principles. <u>Cf.</u> <u>McCloskey v. Mueller</u>, 446 F.3d 262, 267 (1st Cir. 2006) (determining FBI employee's duty to plaintiff by applying Massachusetts tort law). The USPO has no duty to the plaintiff unless a "special relationship" exists between them. <u>Irwin v. Town of Ware</u>, 392 Mass. 745, 756 (1984). A special relationship can exist between a probation officer and a supervisee's potential victims

because "[t]he duties of [a] probation officer are defined and informed by the specific instructions of the sentencing judge." A.L. v. Commonwealth, 402 Mass. 234, 242 (1988) (finding a special relationship existed between defendant probation office and plaintiff students molested by teacher who was prohibited by the terms of probation from teaching). Similarly, in this case, the conditions of probation created a duty by defendant to plaintiff.

The plaintiff has pled sufficient facts to support each of the remaining elements of a negligence claim.

### III. Conclusion

For the above-stated reasons, the motion to dismiss (Docket # 18) is DENIED under Rules 12(b)(1) and 12(b)(6).


    July 1, 2020                                        /s/ Rya W. Zobel
         DATE                                               RYA W. ZOBEL
                                                           UNITED STATES DISTRICT JUDGE